SMITH, Circuit Judge,
dissenting.
I respectfully dissent from the court’s holding that the district court did not err in concluding that IBC’s policy with One-Beacon did not give rise to a duty to defend IBC in its litigation with Flowers.
Flowers filed suit against IBC for trademark infringement of its “Nature’s Own” trademark. Flowers will likely pursue its suit against IBC — if it has not already-— for trademark infringement and not infringement of a title or slogan. IBC’s policy with OneBeacon expressly disclaims coverage of alleged trademark infringement. Despite this, IBC asked OneBeacon to defend it in its suit against Flowers. Thus, this court must determine, for purposes of a duty to defend under Missouri law, whether the Flowers suit implicates coverage under IBC’s policy with OneBeacon. To answer that question, Missouri law instructs us to look at the allegations and facts pleaded in the complaint to determine whether there is a possibility that the complaint implicates coverage under IBC’s policy with OneBeacon. McCormack Baron Mgmt. Serv., Inc. v. Am. Guar. & Liab. Ins. Co., 989 S.W.2d 168, 170 (Mo.1999) (“The duty to defend arises whenever there is a potential or possible liability to pay based on the facts at the outset of the case and is not dependant on the probable liability to pay based on the facts ascertained through trial.” (quotation and citation omitted)). “If the complaint merely alleges facts that give rise to a claim potentially within the policy’s coverage, the insurer has a duty to defend.” Id. at 170-71. In other words, here, we must determine whether Flowers’ complaint alleges facts giving rising to a “potential or possible” title or slogan infringement claim. “To extricate itself from a duty to defend the insured, the insurance company must prove that there is no possibility of coverage.” Stark Liquidation Co. v. Florists’ Mut. Ins. Co., 243 S.W.3d 385, 392 (Mo.Ct.App.2007) (quotation and citation omitted).
After reviewing the policy, and the facts alleged in Flowers’ complaint, I believe that it implicates IBC’s policy with One-Beacon for infringement of a title or slogan. Although Flowers may not have alleged title or slogan infringement against IBC, nothing precluded it from doing so in the future. In fact, without changing the facts alleged in the complaint, Flowers could simply assert separate counts for title and slogan infringement, claiming that “Nature’s Own” is a title or a slogan. These specific allegations of title and slogan infringement would undoubtedly invoke OneBeacon’s duty to defend IBC. Because Flowers could assert a title and slogan infringement claim without adding any additional facts. In my view, the factual basis of Flowers’ complaint implicates IBC’s policy with OneBeacon — requiring a duty to defend.
In my view, “the question is not whether [Flowers] stated a claim for relief sufficient to survive a motion to dismiss. Rather, the question is: Did the original and First Amended petitions state enough to potentially or possibly establish coverage under the policy, thereby triggering [OneBeacon’s] duty to defend?” Truck Ins. Exchange v. Prairie Framing, LLC, 162 S.W.3d 64, 83 (Mo.Ct.App.2005). “Missouri law suggests that as long as the petition demonstrates the potential or possible statement of a claim within insurance coverage, even if inartfully drafted, it triggers the insurer’s duty to defend.” Id. (emphasis added).
Here, unlike in Superior Equipment Co. v. Maryland Casualty Co., Flowers has alleged that IBC infringed its use of *548 a phrase, “Nature’s Own.” 986 S.W.2d 477 (Mo.Ct.App.1998). Under the ambiguous definitions of OneBeacon’s policy of “title” and “slogan,” “Nature’s Own” “potentiality] or possibl[y]” gave rise to a claim under IBC’s policy with OneBeacon. See McCormack Baron Mgmt. Serv., Inc., 989 S.W.2d at 170. The majority acknowledges that IBC’s title infringement argument is “conceivable” notwithstanding OneBeacon’s assertion that “there is no possibility of coverage.” Stark Liquidation Co., 243 S.W.3d at 392 (quotation and citation omitted).
Accordingly, I conclude that the district court erred by granting summary judgment to OneBeacon. As a result, I would remand the case to the district court for further proceedings.